```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
 DA SILVA PLASTIC AND                         :
 RECONSTRUCTIVE SURGERY, P.C.,                :
                                              :
                              Plaintiff,      :   MEMORANDUM DECISION AND
                                              :   ORDER
             -against-                        :
                                              :   23-cv-5482 (BMC)
                                              :
 AETNA HEALTH INC. and AETNA                  :
 HEALTH INSURANCE COMPANY OF                  :
 NEW YORK,                                    :
                                              :
                              Defendants.     :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff, a healthcare provider, brings this case against defendants Aetna Health Inc. and Aetna Health Insurance Company of New York (collectively, "Aetna") for failing to pay plaintiff for medically necessary services it provided to patients enrolled in Aetna's health care plans.

## BACKGROUND

Plaintiff does not participate in Aetna's health care plans, but has rendered services to patients who are Aetna's insureds. Based on the patients' having assigned their rights under the insurance policies to plaintiff, plaintiff contends that Aetna is obligated to pay for the services rendered at Aetna's out-of-network rate. Federal jurisdiction is premised on ERISA, 29 U.S.C. § 1132(a)(1)(B), and the Court's supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(a).[1]

---

[1] Although the complaint fails to comply with the requirement in Fed. R. Civ. P. 8(a)(1) mandating "a short and plain statement of the grounds for the court's jurisdiction," since the complaint contains an ERISA and state law claims, the Court will assume that plaintiff is invoking federal question jurisdiction under 28 U.S.C. § 1331 as to the ERISA claim and supplemental jurisdiction as to the state law claims.

I have had cases with this plaintiff's counsel for other providers previously. He brings shotgun pleading to a whole new, and utterly inadequate, level. This case, similar to other cases he has brought, involves 956 claims for 178 patients who received medical treatment from plaintiff. Each of those patients has one of 98 different health insurance plans issued by Aetna. The different terms of those plans matter in ascertaining whether plaintiff has any rights to sue under those plans. According to the excerpts of the plans attached to Aetna's motion to dismiss, some of them have anti-assignment clauses. Some of them are not ERISA plans. And some of them do not provide any out-of-network benefits at all.

Despite the vast number of unique health insurance plans at issue, plaintiff chose to bring its claims under all of the plans in one case, and does not differentiate which of its causes of action apply to which plans. Plaintiff asserts claims for recovery of benefits pursuant to ERISA and state law claims for breach of contract, breach of implied-in-fact contract, unjust enrichment, intentional interference with contract, and breach of contract as the intended beneficiary of contracts between Aetna and its members.[2]

I can't make heads or tails out of the way plaintiff's attorney pleads these cases. It would have been a simple matter, at least simpler than the pleading here, for plaintiff to ask each patient, who is after all liable for plaintiff's services in the first instance, or to ask Aetna, for a copy of the insurance policy covering that plaintiff.

I am therefore dismissing the complaint for prolixity and vagueness. Plaintiff can amend if it can state plausible claims, either as to each patient individually or groups of patients having the identical, identified policy.

---

[2] Plaintiff has voluntarily dismissed its claim for failure to comply with ERISA's claim procedure requirement pursuant to 29 U.S.C. § 1133.

## DISCUSSION

I. **ERISA Claim**

According to Aetna's motion to dismiss, of the 82 ERISA plans included in this action, 78 of them contain an anti-assignment clause, preventing the patients from assigning their rights to recover benefits against Aetna to any third party. Plaintiff argues in its memorandum in opposition to Aetna's motion to dismiss that the majority of these anti-assignment clauses are ambiguous, and that many of the plans at issue contain exceptions to the anti-assignment clauses for emergency services and/or surprise medical bills. Thus, plaintiff asserts that despite the existence of these anti-assignment clauses, it was still validly assigned benefits under these plans. However, none of this information is pled anywhere in plaintiff's amended complaint. In fact, plaintiff does not include a single allegation about the contents of the anti-assignment clauses, whether they are ambiguous, or whether the plans contain exceptions to them. Accordingly, plaintiff's argument as to the ambiguity of, or exceptions to, the anti-assignment clauses in the plans at issue is not plausibly alleged in the amended complaint, and cannot support an inference that any of the plans' benefits were validly assigned to plaintiff.

Instead, plaintiff alleges in the amended complaint that, by its actions, Aetna has either consented to assignment or waived any anti-assignment clauses in the plans at issue. The Court previously rejected this conclusory assertion in Central Orthopedic Group, LLP v. Aetna Life Insurance Company, No. 24-cv-7014, 2025 WL 2549995 (E.D.N.Y. Sept. 4, 2025). There, too, the plaintiff alleged that, by its dealings with the plaintiff, Aetna had consented to the assignment of benefits or, in the alternative, waived its right to enforce the terms of the anti-assignment clauses at issue. The plaintiffs were represented by one of the same counsel as in this action, and put forth the same arguments for finding a waiver of the anti-assignment clauses. Plaintiff here

3

has not suggested that this case is meaningfully different, nor do I see any reason to conclude otherwise. Thus, the reasoning set forth in <u>Central Orthopedic Group</u> is adopted herein by reference, and I reject plaintiff's arguments of consent and waiver. The anti-assignment clauses in the 78 ERISA plans that contain them defeat plaintiff's ERISA claim as to those plans.

As the parties acknowledge, the sixteen non-ERISA plans included in this case cannot form the basis of plaintiff's ERISA claim. See <u>Rand v. Equitable Life Assur. Soc. of U.S.</u>, 49 F. Supp. 2d 111, 117 (E.D.N.Y. 1999) ("Because the plan is not governed by ERISA, [the plaintiff's] action for the recovery of benefits did not arise under ERISA and the district court was without federal jurisdiction over [the plaintiff's] claim." (quoting <u>Slamen v. Paul Revere Life Ins. Co.</u>, 166 F.3d 1102, 1106 (11th Cir. 1999)). This leaves four ERISA plans which the parties agree do not contain anti-assignment clauses. These four plans may form the basis of plaintiff's ERISA claim.

## II. <u>Leave to Amend</u>

Plaintiff has requested leave to amend in the event Aetna's motion is granted, explaining that it "is an out-of-network provider and cannot be faulted at the pleading stage for not citing specific provisions in plan documents which it did not – and still does not – have complete access to." Additionally, plaintiff offers to "provide further detail regarding its specific interactions with Aetna that it is relying upon in support of its allegations of waiver of the purported anti-assignment provisions."

As to plaintiff's request to amend to add allegations regarding its waiver argument, this request is denied as futile for the same reasons as articulated in <u>Central Orthopedic Group</u>, 2025 WL 2549995 at *4. Plaintiff has offered no plausible amendment that would constitute a waiver as to any one claim, let alone all of them.

4

However, plaintiff is granted leave to amend solely to specify the plans it alleges contain ambiguous anti-assignment clauses or exceptions to such clauses. If plaintiff chooses to amend, it must take care to adhere to its obligations under Rule 11. Plaintiff must plead, with specificity, which plans contain the clauses it alleges allow for assignment of benefits as well as the exact language that allows for such assignment. If plaintiff can meet its pleading obligations within these parameters, the amended complaint shall be filed within 20 days from the docketing of this decision. Otherwise, plaintiff's ERISA claim as to the 78 ERISA plans that contain anti-assignment clauses will be dismissed along with the non-ERISA plans, which are dismissed with prejudice pursuant to this decision.

### III. State Law Claims

Plaintiff's state law claims are preempted as to the four ERISA plans that do not contain anti-assignment clauses. "ERISA provides for two types of preemption: complete preemption under Section 502; and express preemption under Section 514." Trundle & Co. Pension Plan v. Emanuel, No. 18-cv-7290, 2019 WL 4735380, at *3 (S.D.N.Y. Sept. 27, 2019) (citations omitted). "Complete preemption under Section 502 is jurisdictional, essentially allowing for removal of state law claims into federal court by converting the plaintiff's state law claim to one to enforce the ERISA plan under federal law." Id. (cleaned up). Express preemption, on the other hand, "is one of the 'three familiar forms' of ordinary defensive preemption (along with conflict and field preemption). . . . As an ordinary defensive preemption claim, express preemption cannot support federal jurisdiction because it would not appear on the face of a well-pleaded complaint." Wurtz v. Rawlings Co., LLC, 761 F.3d 232, 238 (2d Cir. 2014) (citations omitted).

"[C]laims are completely preempted by ERISA if they are brought (i) by an individual who at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and (ii) under circumstances in which there is no other independent legal duty that is implicated by a defendant's actions." Id. at 241 (cleaned up). Here, the first requirement is clearly met: as to the four ERISA plans without assignment clauses, plaintiff has plausibly alleged a claim under ERISA. As to the second requirement, plaintiff has not pointed to any "other independent legal duty."[3] Therefore, as to the four ERISA plans without anti-assignment clauses, plaintiff's state law claims are dismissed with prejudice as preempted by ERISA.

Plaintiff requests that this Court exercise supplemental jurisdiction over plaintiff's state law claims that concern the remaining plans. As to the non-ERISA plans, there are no claims over which the Court has original jurisdiction.[4] See 28 U.S.C. § 1367(c)(3). Moreover, this Court has doubts that plaintiff's state law claims as to the non-ERISA plans arise from the same case or controversy as plaintiff's claims regarding the four ERISA plans without anti-assignment clauses. See 28 U.S.C. § 1367(a). The non-ERISA plans were allegedly breached by Aetna on completely separate occasions from the four plans over which this Court has federal jurisdiction, they cover different patients, and they have vastly different terms (notably, they are non-ERISA plans). Accordingly, "balanc[ing] the values of judicial economy, convenience, fairness, and

---

[3] Both at the district court and the state level, courts in this Circuit have held that the New York Surprise Bill Law does not provide a private cause of action for health care providers seeking reimbursement. See Neurological Surgery, P.C. v. Oxford Health Plans (NY), Inc., No. 18-cv-560, 2020 WL 13931876, at *9-10 (E.D.N.Y. Oct. 30, 2020); Buffalo Emergency Assocs., LLP v. Aetna Health, Inc., No. 651937/2017, 2017 WL 5668420 (N.Y. Sup. Ct. Nov. 27, 2017). Additionally, state laws requiring insurers to provide coverage for "medically necessary emergency medical services" are preempted by ERISA. See Saks v. Franklin Covey Co., 117 F. Supp. 2d 318, 329-30 (S.D.N.Y. 2000), aff'd in part, remanded in part in other grounds, 316 F.3d 337 (2d Cir. 2003). And by plaintiff's own description of the New York Public Health Law, it only requires Aetna to hold its *members* harmless, but does not impose any independent legal duties as to providers. Thus, none of these state laws mentioned in the amended complaint supply an independent legal duty.

[4] Plaintiff's ERISA claim, which as discussed above does not apply to the non-ERISA plans, is plaintiff's only basis for federal jurisdiction. Plaintiff cannot assert diversity jurisdiction because all of the parties are domiciliaries of New York.

6

comity," Klein & Co. Futures v. Bd. of Trade of City of New York, 464 F.3d 255, 262 (2d Cir. 2006), there is no unfairness or inconvenience in the parties litigating these claims in state court. The Court thus declines to exercise supplemental jurisdiction over plaintiff's state law claims as to the non-ERISA plans.

The Court withholds judgment on whether it will exercise supplemental jurisdiction over plaintiff's state law claims as to the 78 ERISA plans that contain anti-assignment clauses until it determines whether plaintiff's ERISA claim as to those plans will go forward.

## CONCLUSION

For the foregoing reasons, Aetna's motion to dismiss is granted in part and denied in part. Plaintiff's ERISA claim may proceed as to the four ERISA plans that do not contain anti-assignment clauses, but it is dismissed with prejudice as to the sixteen non-ERISA plans. Plaintiff is granted 20 days to amend its ERISA claim as to the 78 ERISA plans that contain anti-assignment clauses. Plaintiff's state law claims are dismissed as preempted with prejudice as to the four ERISA plans without anti-assignment clauses, dismissed without prejudice as to the sixteen non-ERISA plans, and the Court withholds judgment on the state law claims as to the 78 ERISA plans with anti-assignment clauses.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
       September 29, 2025